PBT

(24)

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
JUN -9 2004
MICHAEL E. KUNZ, Clerk
  Dep. Clerk

EDDY FELIZ
  PLAINTIFF
V.
THE KINTOCK GROUP, et al.,
  DEFENDANTS

42 U.S.C. §1983
CIVIL ACTION
A.D.A. 1990.

No. 02-CV-3541

HONORABLE
PETRESE B. TUCKER
ROOM: 3810

## MOTION FOR A TEMPORARY RESTRAINING ORDER/ PRELIMINARY INJUNCTION

PLAINTIFF, EDDY FELIZ - PRO-SE, (I.F.P.) WHO SEEKS A RESTRAINING ORDER IN ACCORDANCE WITH RULE 65 (b),(d) RULES OF CIVIL PROCEDURE., ETC.

PLAINTIFF STATES; ABOVE CAPTIONED DEFENDANTS, THEIR AGENTS, CONTRACTUAL PARTNERS ("BUREAU OF COMMUNITY CORRECTION") EMPLOYEES, AND ALL OTHER PERSONS ACTING IN CONCERN AND PARTICIPATION WITH DEFENDANTS, TO; CEASE/REFRAIN FROM DENYING DUE PROCESS, ACCESS TO PRIVILEGES, RECIEVING PAROLE AS RETALIATION FOR CIVIL OR APPELLATE RELIEF IN REGARDS TO THE KINTOCK GROUP. IMMEDIATELY RELEASE PLAINTIFF TO GENERAL POPULATION, TO AWAIT PAROLE OR TRANSFER TO SCI-~~CHESTER~~ GRATERFORD, PHILA (FED) DETENTION CENTER.

PLAINTIFF: Alleges As follows:

THE COURT
CLERK
C.C. FILE

CONTINUE

RECEIVED
JUN 14 2004
TUCKER, PETRESE B.

# DECLARATION

**I, EDDY FELIZ DECLARE UNDER PENALTY OF PERJURY:**

1). AS PLAINTIFF OF THE CAPTIONED CASE MAKE THIS DECLARATION IN SUPPORT OF THE MOTION FOR A TEMPORARY RESTRAINING ORDER. TO HELP REDUCE OR MINIMIZE THE ACTIONS THAT ARE RETALIATORY THAT HAVE AND WILL CONTINUE TO BE IRREPARABLE INJURY WITHOUT AN INJUNCTION, AND ALLOW PLAINTIFF RELEASE ON PAROLE.

1-A). SINCE 2001 I HAD ATTEMPTED TO RECIEVE MY W-2 FORMS TO COLLECT MY I.R.S. RETURN REFUND FROM CLEARWATER, FLORIDA EMPLOYER'S MAIN OFFICE - LETTERS DISAPEARED / NO REPLIES. THE IRS PROVIDED THE W-2 INFORMATION ON 12-3-03. MY EXPOSURE AND KNOWLEDGE OF THE DEFENDANTS (19 MONTHS) PROLIFIC - EXPERTISE - SKILLS ON THE COMPUTER AND VINDICTIVE PERSONALITIES BELIEVE THEY ARE PREVENTING THE ISSUANCE OF THE I.R.S. CLAIM. THEY HAVE EVERY CRITICAL FACT OF INFORMATION THAT PERTAINS TO MY IDENTITY. I HAD THE INCOME TAX RETURN FILED AND "I MAILED IT CORRECTLY" ON 1-10-04 AND ASKED FOR ACKNOWLEDGE, RECIEVED NONE. I WROTE BOTH BRANCHES IN PHILADELPHIA IN APRIL - NO RESPONSE TO THIS DATE 6-2-04. IT'S THE MAIL ROOM HERE OR THEY HAVE BOUGHT INFLUENCE AT THE BRANCHES.

2). I WAS APPROVED FOR PAROLE <u>AUGUST 13, 2003</u> BY UNIT MANAGEMENT: BEN BARSH, MR. SIMON, STEVEN NASH NAGT, ROBERT WIENCKOSKI. ON <u>AUGUST 22, 2003</u> MR. OLUDOLAPO KALE M.D. PROVIDED A PSYCH EVALUATION & ALSO APPROVED PAROLE THEN SIGNED BY THE SUPERINTENDENT IN SEPT. DENIED PAROLE <u>NOV 18, 2003</u> - NO REASON PAROLE EXAMINER CLAIMED I SHOULD COMPLETE MY SENTENCE - MR. ZIGAFUS.

3). AFTER INITIAL DALLAS PAROLE HEARING 11-21-01 COUNSELOR LOPOHOVSKE STATED: "THEY DONT WANT YOU TO GET OUT ON PAROLE" THE NEXT HEARING MAY 2003 PAROLE DENIED ONE RATIONALE TO <u>RE-AFFIRM DEC 2001 DECISION</u>. EXHIBITS DESCRIBE PAROLE.

4). I WAS APPROVED <u>MARCH 23, 2004</u> BY OLUDOLAPO KALE, M.D. PSYCH EVAL FOR PAROLE. ON <u>APRIL 13, 2004</u> BEN BARSH, JAMES KAMINSKI, ROBERT WIENCKOSKI APPROVED PAROLE. ON <u>APRIL 21, 2004</u> I RECIEVED A NOTICE TO APPEAR/ATTEND A MATH CLASS - I HAD WRITTEN TO THE WARDEN BECAUSE OF THE LACK NO AVAILABILITY TO ATTEND CLASSES - I THOUGHT HE DID IT. I HAD BEEN REMOVED IN JANUARY - DENIED COLLEGE / VOCATIONAL OVER A YEAR.

5). I WROTE A REQUEST OF DISPLEASURE THAT I WOULD BE FILING A GRIEVANCE TO CENTRAL OFFICE BECAUSE THE CLASS WOULD BENEFIT ME AT THE JOB AWAITING IN SOCIETY ASSEMBLING TELEPHONES. THE REQUEST WAS USED TO DENY PAROLE IN JULY, TAKEN COMPLETELY OUT OF CONTEXT. 90 DAYS IN SOLITARY, LOSS OF JOB, "FUTURE IMPACT WITHOUT T.R.O." - DENIAL OF PAROLE. RELIEF SHOULD BE GRANTED.

6). THE REQUEST; UNDER THE CIRCUMSTANCES WARRANTED THAT THE UNIT MANAGEMENT TEAM UTILIZE THE INFORMAL RESOLUTION, REGARDING ACADEMIC ISSUES. THE ACTION BY LIEUTENANT LEWINSKI KNOWING PLAINTIFF WAS JUST RECENTLY APPROVED FOR PAROLE HAD ME PLACED IN THE R.H.U. WITHOUT ANY INVESTIGATION NO DUE PROCESS.

7). EXAMINER JONES ON 4-29-04 REFUSED TO CALL ANY OF THE PROPERLY REQUESTED WITNESSES, NOR WOULD HE CALL SGT. JASTERMESKI THAT ESCORTED ME TO THE SECURITY OFFICE WHERE WE ONLY STOOD FOR 3-4 SECONDS BEFORE SENDING TO R.H.U. . STATED FALSELY ON HIS DECISION SHEET (ENCLOSED) "INMATE DID NOT SUBMIT WITNESS FORM" (ORIGINALLY TO JUSTIFY WITNESS REFUSAL). THEN USED THE SPECIFIC SECRETE (CODE) LETTERS "ERB" ON #617146 (ENCLOSED) TO CALL ERB TO CONFER SOMETHING, I QUESTIONED THE ACT. HE THEN STARTED TO CONVINCE/COERCE ME TO ADMIT TO BEING THE AUTHOR, TO REDUCE THE CHARGES. SO I ONLY ADMITTED TO BEING THE AUTHOR. I HAD ALREADY TOLD HIM OF THE JULY PAROLE BEFORE HE PICKED UP THE PHONE. BUT HE STILL GAVE ME 90 DAYS, LOSS OF JOB, AND TO EFFECTIVELY DENY PAROLE BY ALL THE CLEAR VIOLATIONS.

8). THE PROGRAM REVIEW COMMITTEE (APPEAL REVIEWS) REFUSED TO INVESTIGATE OR ADDRESS THE ISSUES AS THEY ARE MANDATED TO DO BY (ADM 801 PAGE 8-9 (ENCLOSED) OR REDUCE THE 90 DAYS TO 60 TO EFFECTUATE PAROLE. ALL APPEALS IN CONCERN OF 617146 ARE ATTACHED, THE WARDEN FOLLOWED THE SAME PATH AS P.R.C. REFUSED TO ADDRESS OR ANSWER THE ISSUES OR INVESTIGATE (ERB) DENIAL OF WITNESSES, ETC, THE ENTIRE POLICY IS UNCONSTITUTIONAL.

9). I WAS SINGLE HOUSED BEFORE MY CONVICTION 4-20-94, BY 5-94 AT (CENTRAL OFFICE ADMINISTRATION) CLASSIFICATION AT CAMP HILL- (STATE AUTHORITY) CLASSIFIED ME STATUS O-Z BY THE CHIEF PSYCHIATRIST, ETC HOUSED OVER 10 YRS IN SINGLE CELL O-Z STATUS UNTIL THIS COUNSELOR "A. LOPOHOVSKI" KEPT TRYING TO FIND A WAY TO GET ME BACK TO R.H.U. . HE HAD ME REMOVED FROM THE MENTAL HEALTH UNIT BY ALSO GETTING OTHERS TO AGREE THAT I DON'T NEED TO BE ON THE UNIT OR HAVE A Z-CODE WHEN HE DOES NOT DISPLAY CAMP HILL AUTHORITY TO SUGGEST SO. SINCE I WENT TO SCI-CHESTER IN MAY 1998 FROM THIS PRISON, MY FILE WAS SUPPOSE TO BE UPDATED. A. LOPOHOVSKI REFUSED TO DO IT, AND KEPT PUTTING MUSLIMS IN MY CELL TO CAUSE VIOLENT CONFRONTATION LIKE 1993 Holmsburg.

10) THE ACTIONS AGAINST ME WERE NOT MANIFESTED HERE THEY COME FROM THE BUREAU OF COMMUNITY CORRECTION (NOT D.O.C.) THE B.C.C. STEVEN BELLO HALF WAY HOUSES THEY TOLD THE PAROLE BOARD THEY DON'T INTEND ON SENDING ME TO A CENTER. WITHOUT MY I.R.S. REFUND, MY BOSS WILL NOT BE ABLE TO AQUIRE AN EFFICIENCY OR ROOM - I CAN BE SENT TO D.R.C. 2nd AND ARCH. RELIEF SHOULD BE GRANTED

CONTINUED FROM:
PAGE 2
PAGE 3

## THE STANDARD FOR A RESTRAINING ORDER

A). A RESTRAINING ORDER IS A EXTRAORDINARY REMEDY WHICH SHOULD BE GRANTED ONLY IN LIMITED CIRCUMSTANCES, <u>AMERICAN TEL AND TEL. CO. V. WINBACK AND CONSERY PROGRAM INC.</u>, 42 F.3d 1421, 1426-27 (3rd) CIR.

A-1). A TEMPORARY RESTRAINING ORDER SHOULD ONLY BE SOUGHT WHERE <u>IMMEDIATE RELIEF</u> IS NECESSARY TO PREVENT <u>IRREPARABLE INJURY</u>.

RULE 65(B) F.R.C.P. PROVIDES PROCEDURAL AUTHORITY FOR SUCH A PLEA. A TEMPORARY RESTRAINING ORDER MAY BE GRANTED WITHOUT WRITTEN OR ORAL NOTICE TO THE ADVERSE PART OR THEIR ATTORNEY. THIS IS IN PART DUE TO THE FACT; (All INJUNCTIVE RELIEF) A MOTION FOR A T.R.O. IS ADDRESSED TO THE SOUND DISCRETION OF THE COURT. USE OF SUBJECTIVE TEST WILL NOT FORECLOSE ON PROSPECTIVE RELIEF, NOR REQUIRE A PRISONER TO SUFFER ANY INJURY (PHYSICAL), BEFORE OBTAINING THE PROSPECTIVE RELIEF.

B). <u>PENNSYLVANIA V. WEST VIRGINIA</u>, 262 U.S. 553, 43 S.Ct. 658, 87 L.Ed. 1117.

IN A SUIT FOR THE PROSPECTIVE RELIEF, THE SUBJECTIVE FACTOR, "DELIBERATE INDIFFERENCE," SHOULD BE DETERMINED IN LIGHT OF THE PRISON AUTHORITIES CURRENT ATTITUDES AND CONDUCT, <u>HELLING V. MCKINNEY</u>, 509 U.S. 25, 36, 113 S.Ct. 2475-82, 125 L.Ed. 22, THEIR ATTITUDES AND CONDUCT AT THE TIME OF SUIT IS BOUGHT AND PERSISTING THEREAFTER.

CONTINUE

CONTINUED FROM
B).

SUPPORTING LAW ~~ARGUMENTS~~
-DECLARATION-

PAGE 4

PROTECTED ACTIVITY WAS A SUBSTANTIAL/MOTIVATING FACTOR FOR THE STATE TO TAKE ADVERSE ACTION, SEE ANDERSON v. DAVILA, 125 F.3d 148, 160 (3rd CIR. 1997)-CITING Mt. HEALTHY CITY Bd. OF ED. v. DOYLE, 429 U.S. 274, 287 (1977).

C). IN ATTEMPTING FOR A YEAR, REPEATEDLY SEEKING PROGRAMS, AND BENEFITS TO ENHANCE PAROLE ACCEPTANCE AND DENIED, THEN RETALIATED WITH SOLITARY (R.H.U.) CONFINEMENT, REMOVAL FROM A MERE JOB/DERAIL PAROLE IS CALCULATED PUNISHMENT, AGAINST PLAINTIFF. EVOLVING STANDARDS OF DECENCY THAT MARK THE PROGRESS OF A MATURING SOCIETY. RHODES v. CHAPMAN, 452 U.S. 337, 101 S.Ct. 2392 (1981).

D). DALLAS OFFICIALS TOOK ACTION IN VIOLATION OF DUE PROCESS, FIRST, 14TH AMENDMENT; FOR WRITING DISAPPROVAL OF THE BENEFIT OF BEING IN SCHOOL. OFFICIALS ~~FAIL~~ FALSIFYING DISCIPLINARY REPORT(S) TO PREVENT PAROLE, WITHHOLDING/DISCARDING PERSONAL MAIL, PLAINTIFF HAD PERSONAL PROPERTY DESTROYED ALSO. "NOR MAY A PUBLIC ENTITY PROVIDE SERVICES IN A MANNER DENYING DISABLED INDIVIDUALS EQUAL BENEFITS OF THE SERVICE", 28 C.F.R. SS 35.130(b)(1), SEE INNOVATIVE HEALTH SYSTEMS v. CITY OF WHITE PLAINS, 117 F.3d 37, 45 (2nd CIR. 1997), "TO CARRY OUT THE PURPOSE OF PROHIBITING DISCRIMINATION."

E). PLAINTIFF'S "ARRIVING" 6TH OR 7TH PAROLE HEARING IS SYSTEMATICALLY SUPPRESSED. ~~BECAUSE~~ IN R.H.U. THE PRISON REVIEW COMMITTEE DENIES THE PRISONS RECOMMENDATION ONE OR TWO WEEKS BEFORE THE HEARING AND ~~PEE~~ THE PLAINTIFF IS ESCORTED IN AN ORANGE JUMPSUIT WHILE HANDCUFFED ELIMINATING ANY PAROLE CHANCE.
NOTE: LAW (PAROLE) EVERY LAW THAT CHANGES THE PUNISHMENT, AND INFLICTS A GRATER PUNISHMENT, THAN THE LAW ANNEXED TO THE CRIME, WHEN COMMITTED VIOLATES THE EX-POST FACTO CLAUSE. MILLER v. FLORIDA, 482 U.S. 423-29 (1987).

CONTINUE

CONTINUED FROM
4. (PAROLE) - DISCIPLINARY HEARING

DECLARATION & SUPPORTING LAW

PAGE 5

E-1. TO DESCRIBE IMPENDING PAROLE HARM PLAINTIFF SHOWS DUE PROCESS, ETC. VIOLATIONS AT HEARING FOR CURRENT R.H.U. PLACEMENT, TO EFFECT JULY PAROLE 2004.

1. PLAINTIFF WAS DENIED REQUEST TO CALL ALLOWABLE WITNESS (OFFICER) TO THE HEARING OR OTHERS ON 4-29-04, SEE EXHIBITS. EXAMINER JONES FALSELY CONTENDED THAT PLAINTIFF DID NOT SUBMIT A WITNESS FORM.

2. EXAMINER, DONALD J. JONES THEN CALLED "ERB" (CODE)? UNKNOWN, WRITTEN AT TOP OF REPORT A-617146. THEN PROCEEDED TO CONVINCE PLAINTIFF, "TO REDUCE" SEVERITY OF VIOLATIONS, PLEAD ONLY TO BEING THE AUTHOR OF THE REQUEST. PLAINTIFF DID NOT HAVE A CHARGE OF ABUSIVE LANGUAGE ON THE REPORT. IT IS A TWO PART CHARGE. — PUNITIVE ACTION ALWAYS IMPLICATES A LIBERTY INTEREST BECAUSE THE REQUIREMENT OF GUILT IS A SUBSTANTIVE LIMIT ON OFFICIAL DISCRETION. SEE GILBERT V. FRAZIER, 931 F.2d 1581 (7TH CIR 1991) QUOTING GREEN V. FERELL, 801 F.2d 765 (5TH CIR. 1986). INQUIRY OF WHETHER A PROTECTABLE LIBERTY INTEREST EXISTS SHOULD FOCUS UPON THE NATURE OF THE ALLEGED DEPRIVATION & NOT THE LANGUAGE OF THE RELEVANT REGULATION. SEE SANDIN V. CONNER, 515 U.S. 472, 115 S.Ct. 2293-99, 132 L.Ed.2d 418 (1995). HOLDING THAT A PROTECTABLE LIBERTY INTEREST EXIST IN PAROLE STATUTES THAT CREATE AN "EXPECTANCY OF RELEASE."

2A. UNIT MANAGEMENT APPROVAL & PAROLE PSYCH EVALUATION CREATES A WINDOW OF FREEDOM.

WHERE A PAROLE STATUTE CREATES "AN EXPECTATION OF PAROLE," AN INMATE HAS A PROTECTABLE LIBERTY INTEREST IN RELEASE, SEE BOARD OF PARDONS V. ALLEN, 482 U.S. 369, 73, 107 S.Ct. 2415-18, (1987). PLAINTIFF WILL BE DEPRIVED OF ENTITLEMENT TO HAVE THE PAROLE BOARD EXERCISE "THEIR DISCRETION" TO DENY PAROLE — BLAIR-BEY V. QUICK, 159 F.3d 591, 104 (D.C. CIR. 1998), MILLER V. FLORIDA, 482 U.S. 423, 433-34, (1987)

* RESTRICTION FROM POPULATION PREVENTS — LAW LIBRARY ACCESS OR SHEPARDIZING.

CONTINUED           DECLARATION IN SUPPORT          PAGE 6
                         OF
                    ORDER/MOTION

F. PLAINTIFF HAS A CONSTITUTIONAL RIGHT TO APPEAL THE "KINTOCK GROUP" CONVICTION, UNDER AMERICANS WITH DISABILITIES ACT (A.D.A.) DISCRIMINATION, SERVE U.S. MARSHAL SUMMONS/CIVIL COMPLAINT. PLAINTIFF ALSO HAS THE RIGHT TO REHABILITATION (BENEFIT), TO ATTEND SCHOOL WITHOUT THE REPRISAL DENIAL DESCRIBED HEREIN; (DOCUMENTS ATTACHED AS EXHIBITS).

G. PLAINTIFF STATES IRREPARABLE INJURY WILL OCCUR IN SEVERAL FORMS; CONTINUED HARRASSMENT, NO LAW LIBRARY TO EFFECTUATE SUMMONS RESPONSE, DENIAL OF PAROLE, ETC., AS COMPLETE SENTENCE WITHOUT PAROLE.

H. PLAINTIFF HAS NO ADEQUATE REMEDY AT LAW, NO AWARD OF DAMAGES IN THIS PRESENT MATTER, OR OTHER RELIEF WILL BE ADEQUATE TO PROTECT THIS PLAINTIFF FROM FUTURE VIOLATIONS, SEEKING RELIEF IS PROTECTED BY THE FIRST AMENDMENT, AND FOURTEENTH AMENDMENT, ETC., U.S.C.A. CONST. AMEND. 1, 14TH.

I. THE FACT THAT I HAVE NOT RECIEVED PERSONAL MAIL OTHER THAN CAR MAGAZINES, AND SOME INQUIRIES ON A.D.A. RIGHTS, I FILED MY LATE (2001) TAX YEAR 1040-A IRS INCOME TAX ON 1-10-04 & PERSONALLY MAILED IT ON THAT DATE. I MAILED TWO FOLLOW UP LETTERS CONCERNING THAT INQUIRY, AND HAVE NOT RECIEVED ANY RESPONSE YET. WHY?

J. A FACT FINDER CAN CONCLUDE FROM THOSE FACTS THAT THE CONTINUED RETALIATORY PLACEMENT IN PUNITIVE SEGREGATION WOULD "DETER A PERSON OF ORDINARY FIRMNESS FROM THE EXERCISE OF HIS FIRST AMENDMENT RIGHTS" SEE: SUPPAN, 203 F.3d AT 235. (INTERNAL QUOTATIONS OMMITTED); SEE: THADDEUS-X, 175 F.3d AT 396.

NOTE: ON 5-24-04 - DR. O. KAIE, M.D. RE-APPROVED ME FOR PAROLE. RECIEVED WARDEN APPEAL, ANSWER; DENIED RELIEF, BOTH ENCLOSED.

C.C.
TRIAL JUDGE          CONTINUE
CLERK OF COURT
FILE:

CONTINUED FROM: J

J-1. PLAINTIFF WILL SUFFER WITHOUT AN INJUNCTION, MORE THAN "DALLAS OFFICIALS, ETC" IF THE INJUNCTION IS GRANTED. IT IS IN THE PUBLIC INTEREST TO ISSUE/GRANT THE INJUNCTION, FOR SHOWING THAT, STATE PRISON OFFICIALS ARE TO FOLLOW OR OBEY THE CONSTITUTION AND OTHER LAWS. PLEASE REFER TO: PENNSYLVANIA. D.O.C. V. YESKEY, 524 U.S. 206 (1998), & BOUSER V. HORN, 241 F.3d 330 (3rd CIR. 2001), (CONTINUING DEPREVATION) SEE: ELROD V. BURNS, 427 U.S. 347 (1976).

FINAL
PLAINTIFF CONCLUDES THAT AN IMMEDIATE TRANSFER TO SCI-CHESTER, ETC CAN SATISFY THE RELIEF NEEDED TO MINIMIZE FUTURE INJURY OR RETALIATION OR PREVENT PAROLE RELEASE, AND RESPONSE TO THE SERVICE OF SUMMONS/COMPLAINT ISSUED TO THE KINTOCK GROUP APRIL 2004.

WHEREFORE, THE COURT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION TO HELP PREVENT FURTHER RETALIATION OR ACTION AGAINST ANY INMATE WHO SUBMITTED ANY AFFIDAVIT ON BEHALF OF PLAINTIFF WHILE IN THE RESTRICTED HOUSING UNIT (R.H.U.), THE RESULT SEEKING TO PROTECT A REHABILITATIVE BENEFIT, AND/OR FOR FILING CIVIL CLAIM, APPEALING TO SUPERIOR COURT.

I, EDDY FELIZ, DECLARE UNDER PENALTY OF PERJURY, IN ACCORDANCE WITH 28 U.S.C. 1746 THAT THE ABOVE FACTS ARE TRUE & CORRECT. ALSO FOR THE RECORD THAT THE PARTIES DESCRIBED WERE AND ARE STILL PERSONALLY INVOLVED IN THE CONDUCTS THAT VIOLATE THE CONSTITUTION, STATE, AND OR FEDERAL LAW. FOR THOSE FOREGOING REASONS, RESPECTFULLY, THE COURT SHOULD GRANT THE MOTION ~~IT IS~~ OR ORDER IN ITS ENTIRETY.

RESPECTFULLY SUBMITTED
Eddy Feliz
#CK-0068
1000 FOLLIES RD
DALLAS, PA 18612-9515

MAY 26, 2004
DATED:
THE COURT, THE CLERK,
C.C. ~~FILE:~~

U.S. DISTRICT COURT EASTERN DIST OF PA

EDDY FELIZ - PLAINTIFF                CIVIL ACTION
                                      # 02-CV-3541
   V.
THE KINTOCK GROUP, et al.,
         DEFENDANTS

FILED JUN 9 2004
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

AFFIDAVIT FOR EDDY FELIZ

MY NAME IS: Timothy Rex Johnson   PRISON NUM. BW7499
I AM AN INMATE AT S.C.I. Dallas.

I, Timothy R. Johnson, BEING FIRST DULY SWORN,
deposes as follows:...   "IN THE INTEREST OF JUSTICE"

1). I VERIFY THAT WHILE AT THIS INSTITUTION I HAVE EXPERIENCED RETALIATION AND UNLAWFUL HARASSMENT.

2). I HAVE ALSO BEEN SUBJECTED TO PLANNED SERIES OF DISCIPLINARY ACTIONS, IN RETALIATION AS EDDY FELIZ PLACED IN THE R.H.U. FOR INITIATING A CIVIL RIGHTS SUIT AGAINST PRISON OFFICIALS AND GRIEVANCES FOR RETALIATION ACTION.

I, TIMOTHY REX JOHNSON, DO HEREBY VERIFY THAT THE FACTS SET FORTH IN THE ABOVE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND IS SUBJECT TO THE PENALTIES OF PERJURY, PURSUANT TO 28 U.S.C. § 1746.

RESPECTFULLY,
Timothy R. Johnson

DATE: MAY 19, 2004

C.C., FILE: THE COURT, THE CLERK.