IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **EDDY A. FELIZ,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02-3541** |
| | : | |
| **THE KINTOCK GROUP, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

**AND NOW,** on this ___ day of March, 2007, upon consideration of Plaintiff's Motion to Enforce an Order/Intervene (Doc. 40) and the Motion to Dismiss by Defendants Paul, Yanis, Bello, and Caison (Doc 36), **IT IS HEREBY ORDERED** that Plaintiff's Motion is **DENIED** and Defendant's Motion is **GRANTED**.[1]

---

[1] This is an action brought pursuant to 42 U.S.C. § 1983 against employees of the Kintock Group, a private contractor running a pre-release center. The Complaint arises out of events which occurred in 2001. The Complaint was filed in 2002. Plaintiff filed his Amended Complaint in 2004, with leave of the Court, adding additional Defendants. Service of the Amended Complaint was not perfected by the United States Marshall Service until October 17, 2006. Movants are among the Defendants first added in 2004 and served on October 17, 2006.

Plaintiff's Second Amended Complaint does not provide sufficient notice as to the nature of his claim against the Defendants. Although the Court must give Plaintiff the benefit of all reasonable inferences that can be fairly drawn from factual allegations contained in the complaint, the Court "is not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)(citations omitted). If a plaintiff fails to set forth sufficient information in the complaint to outline the elements of his claim, the Court may dismiss the complaint. See Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1176-77 (3d Cir. 1978) (upholding district court's dismissal under Rule 12(b)(6) because plaintiff failed to state factual allegations demonstrating how defendants' conduct violated plaintiff's rights); see also Forrest v. Beloit Corp., 2001 WL 1251460, *1 (E.D. Pa. Sept. 21, 2001)(granting defendant's motion to dismiss because plaintiff did not allege facts sufficient to support a finding of defendant's liability). "*Pro se* complaints are held to less stringent standards than those filed by counsel. However, basic pleading requirements under the Federal Rules of Civil Procedure apply to self-represented and counseled plaintiffs alike." Untracht, 368 F. Supp. 2d at 413, (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972).

First, even in the light most favorable to Plaintiff, the allegations contained in Plaintiff's Second Amended Complaint do not raise the slightest inference of a federal claim against the Kintock Group. Moreover, Plaintiff

**BY THE COURT:**

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

cannot sustain a claim against the movants pursuant to the Americans with Disabilities Act, 42 U.S.C.A.§ 12182(a) ("ADA") or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) )("RA") since neither the ADA nor the RA impose liability upon individuals.  See 29 U.S.C. § 794(b); 42 U.S.C. § 12131(1).  Plaintiff has also failed to state a cause of action for civil conspiracy since his conclusory allegations of concerted action devoid of facts actually reflecting joint action cannot withstand a motion to dismiss.  Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998).  Finally, it remains wholly unclear how Movants' conduct violated Plaintiff's rights Eighth Amendment and Due Process Rights.  Hence, this Court will grant Defendants' Motion to Dismiss.