IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDY A. FELIZ, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-3541 |
| | : | |
| THE KINTOCK GROUP, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

**AND NOW**, this _____ day of May, 2007, upon consideration of pro se Plaintiff Eddy A. Felix's Motion to Alter Judgment (Doc. 42) and Defendants' Response (Doc. 43), **IT IS HEREBY ORDERED AND DECREED** that the Motion is **DENIED**.[1]

BY THE COURT:

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

[1] Plaintiff's Motion seeks reconsideration of this Court's Order granting Defendant's Motion to Dismiss (Doc. 41). The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Therefore, a motion for reconsideration will be granted if the moving party can demonstrate one of the following: 1) an intervening change in the controlling law; 2) the availability of new evidence that was not available previously; or 3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). However, motions for reconsideration should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

The Supreme Court has held that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). To show clear error or manifest injustice, the moving party "must base its motion on arguments that were previously raised but were overlooked by the Court." United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003). However, "parties are not free to relitigate issues that the Court has already decided." Id. (citing Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)). See also Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). "A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made." Colon v. Colonial Intermediate Unit 20, 443 F. Supp. 2d 659, 667 (M.D. Pa. 2006) (citing Glendon Energy, 836 F. Supp. at 1122). "Motions for reconsideration . . . should not be used to put forward additional arguments which the movant could have made but neglected to make before judgment." Jasin, 292 F. Supp. 2d at 676 (quoting Reich, 834 F. Supp. at 755).

Even construed liberally, Plaintiff's Motion fails to meet the rigorous standard for reconsideration of this Court's Order, thus Plaintiff's Motion must be denied.