COURT COPY

IN THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT



| | | |
|---|---|---|
| Eddy Feliz | : | CIVIL ACTION |
| V. | : | NO: 02-CV-3541 |
| The Kintock Group, et al., DEFENDANTS | : | Honorable: Petrese B. Tucker RM: 3810 |



### PETITION FOR PERMISSION TO APPEAL

The Plaintiff; Eddy Feliz, Appeals & Pleads for Permission to Appeal in Conformance with Federal Rules of Appellate Procedure NO:5, And if Mandated in Compliance with F.R.A.P. 4(a)(1)(B),(2).

On February 8, 2007 Plaintiff Submitted A Descriptive 5 Page Motion to Enforce An Order & Intervene, Under Rule 24(b) (Permissive Intervention) Pursuant to 42 U.S.C. 12101 (b)(3). Motion to Intervene Enforcement Procedures to Contact/Involve the Dept. of Justice, Disability Rights Section, was DENIED. NO Rational Was Given to Support the DENIAL FOR THE JUSTICE DEPARTMENT TO INTERVENE. Plaintiff Submitted Motion to Enforce Prior to receiving any Due Process/Oppose Denial. In the final Statement of this MOTION The Plaintiff Pleaded for the Court to Provide a Dead Line to Submit A Motion or Brief in Opposition to the Motion to Dismiss the Complaint. The Court Denied the Plea.

Upon the Courts Dismissal of 02-3541, Notice Received on March 20, 2007, Plaintiff Submitted A Motion to Alter or Amend the Judgment on 3-29-07 Challenging the Illicit Excuses Used as Rationale on the Dismissal Order. Plaintiff Debunks(With Documentary Exhibits) Proves Why the U.S. Marshal Service Did not Serve the Public Defendants From the initial Court order June 2004, to Oct 17, 2006. Upon Inspection & "Arguable" Claim Plaintiff's Amended Complaint will be Judged to BE Void of any Deficiencies, & Denied the Ability to Amend the Complaint BEFORE the Complaint is dismissed. See Neitzke V. Williams 490 US 319 329, 109 S.Ct. 1827 (1989).

P.2

## * A R G U M E N T *

### GENUINE ISSUES OF MATERIAL FACTS PRECLUDED
### ANY PRELIMINARY GRANT OF DISMISSAL (SUMMARY JUDGMENT)

<u>INITIAL STATEMENT</u>:

In an Action against Federal Rules Of Civil Procedure, And Violating Standards of Professional Conduct Using Fraudulent Misleading Statements to Cause the Dismissal of Civil Action: 02-3541. The Actions were Illicit Manipulations against Factual determination from the Record. Illegally Representing The Private Corporation Despite the Fact that the Private Defendants Refused to answer or Defend Against the Civil Action for over Two (2) Years. The Court Ruled the Private Defendants DEFAULTED JUNE 2006. Plaintiff was Denied Right to OPPOSE DISMISSAL.

By the Senior Deputy Attorney General Submitting Documents Outside the Pleadings That WARRANTED The Court to Allow Plaintiff to File Motion In Opposition. Summary Judgment is to be Granted <u>ONLY</u> IF the Record before the Court Shows "That there is NO Genuine Issue as to any Material Fact & that the Moving Party is entitled to a Judgment as a Matter of Law." Rule 56(c), Fed.R.Civ.P. A "Material" Fact is one that "Might Affect the Outcome of the Suit under the Governing Law".

This Plaintiff was denied The District Court enforcement Powers to Summon the Department of Justice to Intervene (A Congressional Act) on Behalf of American with Disability Act. 1990 Violations. Based on Previous Actions Recorded On Civil Docket Record, The Latest Submission (Motion to Alter or Amend Judgment) will Not be Ruled Upon or Answered by the Court. "Motion to Alter" was Filed Under F.R.C.P. 59(e) & 60(b) Pursuant to Americans With Disability Act. 1990, 42 U.S.C. 12101-et seq (Title II), Rehabilitation Act 1973 (504), 29 U.S.C. 794 et al, 28 C.F.R. 35.130-et seq, 35.134 (a-b). Including Precedents & Binding Precedents.

The Basis for Action 02-3541 Was Retaliation for Exercising 1st Amendment Protected Activity (A Lawyer Called Private Individual) to Stop Denying A.D.A. 1990 Benefits.

QUESTIONS INVOLVED (3)

1). Whether Plaintiff was Prejudiced by the Premature Dismissal & Denial of a Dead Line to Submit a Motion in Opposition to the Motion to Dismiss, 30 Days Prior to Dismissal ORDER?

2). Whether Plaintiff was Prejudiced When the Court Refused to Exercise Federal (CONGRESS SANCTIONED) Enforcement Procedures to Summon The Dept. of Justice-Disability Rights Section Pursuant to 42 U.S.C. 12101 (b)(3), Or a Rationale?

3). Whether Plaintiff was Discriminated by not Receiving a NOTICE of any Deficiencies (ALLEGED) in the Complaint & Ability to Amend it before dismissal of the Complaint?

RELIEF SOUGHT

To Over turn The Dismissal and/or Assign a Disability Attorney.

* Reason why Appeal Should be Allowed and is Authorized by a Statute or Rule:

1). Relief will be Justified & in the interest of Public Integrity Since the Plaintiff had previously put the District Court On ALERT of Private Defendants Illicit Motives "To set Aside Judgment for Fraud upon the Court." Rule 60(a)(b).

2). Relief will be Justified Upon, when Circuit Court Verifies Overt Violation of Rule 12(b) is Confirmed. States in Part: Quote: "Matters outside the Pleading are Presented to and not Excluded by the Court, the Motion Shall be treated as one for Summary Judgment and Disposed of as Provided in Rule 56," "And all Parties SHALL be given Reasonable Opportunity to Present all Material Pertinent to Such a Motion by Rule 56." NOTE: Plaintiff must introduce Specific, Affirmative evidence there is a genuine Issue of Material Fact. See Celotex Corp. V. Catrett, 477 U.S. 317 322-23 106 S.Ct.2548 91 L.Ed.2d 265 (1986). The Court Must Draw all Justifiable inferences in the non-movant's Favor. Anderson V. Liberty Lobby Inc 477 US 242 248 106S.Ct. 2505, L.Ed.2d

IN THE UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT OF PA

EDDY FELIZ                     :        CIVIL ACTION
                                        NO: 02-3541
V.                             :
                                        MOTION FOR RELIEF
                               :        APPEAL
KINTOCK GROUP, ET AL.,
                               :

\* <u>C E R T I F I C A T E   O F   S E R V I C E</u> \*

I, Eddy Feliz, Hereby Certify that on this **25** day of **MAY**, 2007, have Served the <u>Petition for Permission to Appeal</u> Upon the Person below in the Manner indicated to Satisfy the Civil Rules of procedure.

\* <u>S E R V I C E   M A D E   B Y   F I R S T   C L A S S   M A I L</u> \*

    MAILED TO: Ms. Sue Ann Unger
              Senior Deputy Attorney General
              21 S. 12th Street, 3rd Floor
              Phila Pa 19107

    TO: Mrs. Petrese B. Tucker
        District Judge- Room 3810
        U.S. CourtHouse
        601 Market Street
        Phila Pa 19106

    TO: Ms. Marcia M. Waldron
        3rd Circuit-Clerk
        601 Market Street
        Phila Pa 19106

DATE: **5-17-07**                          S/S *Eddy Feliz*

C.C.
FILE:

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT OF PA.

EDDY FELIZ                                          :        CIVIL ACTION
APPELLANT-PLAINTIFF                                          NO: 02-3541

   V.                                               ;

THE KINTOCK GROUP, ET AL.,

\* N O T I C E \*

Dear Ms. Marcia Waldron                                      May 16, 2007

   Appellant, Eddy Feliz, Pro-Se Under Extreme Circumstances Submits the Motion Enclosed for PERMISSION TO APPEAL, PLEADING FOR RELIEF NOT AVAILABLE IN DISTRICT COURT. *NOTICE: On 5-17-07 I Recieved The Answer for the MOTION TO ALTER OR AMEND. That Motion was also Denied ? Will take Appropriate Action.

   Appellant Meets or Exceeds the Requirements Mandated by Fed. RULES OF APPELLATE PROCEDURE NO: 5,(a+b),4,(B)"It's Officer; Ms.Sue Ann Unger". 4(2) Appellant Submitted a Motion to Alter or Amend But is 98% Positive it Will not Be Fourth Coming. One Look at the Docket Record will Convince you, that by reason (Not Having a Lawyer) & Being a Qualified Individual Under 42 U.S.C. 12101-et Seq., Appointment of Counsel and/or Dept. Of Justice to Intervene as required under F.R.C.P. 24(a,b,c,) DENIED. Ms. Waldron, THIS IS NOT A PRISON ACTION.

   Ms. Waldron A Previous Valid Civil Action Connected to this Case 01-CV-6051 (Handled/Corrected) by you was Also Sabotaged in 2004 by NOT BEING REPRESENTED. As a Result the Final Action will Be Derailed as well (04-3695) Since it was suppose to Commenced Long ago Per Civil Rule 1 SCOPE & PURPOSE OF RULES:(IN PART); They Shall be Construed & Administered to Secure the "JUST", SPEEDY, & INEXPENSIVE DETERMINATION OF EVERY ACTION. Who is Above the Law? Are these the Days of AL CAPONE?

   WHEREFORE: Appellant PLeads for Relief, In the Interest of our Publics Integrity & as Justice Requires.

                                                             Respectfully Yours
C.C.
FILE:
                                        5-16-07   Eddy Feliz

OFFICE OF THE CLERK

**MARCIA M. WALDRON**
CLERK

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

June 15, 2007

Michael E. Kunz, Clerk
United States District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1796

Re: Feliz v. the Kintock Group, et al
E.D. Pa. No. 02-cv-03541

Dear Mr. Kunz:

Pursuant to Rule 4(d), Federal Rules of Appellate Procedure, and Rule 3.4, Third Circuit Local Appellate Rules, we are forwarding the attached "Petition for Permission to Appeal" which should be construed as a notice of appeal filed on May 17, 2007 from the District Court order entered May 16, 2007 which was filed with this office in error. See Rule 3(a)(1), Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. **The notice was postmarked May 30, 2007 and should be docketed as of that date.**

This document is being forwarded solely to protect the litigant's right to appeal as required by the Federal Rules of Appellate Procedure and Rule 3.4, Third Circuit Local Appellate Rules. Upon receipt of the document, kindly process it according to your Court's normal procedures. If your office has already received the same document, please disregard the enclosed copy to prevent duplication.

Pursuant to Rule 3(a)(1), Federal Rules of Appellate Procedure, a notice of appeal must be filed with the Clerk of the District Court. This Court may not act on an appeal until the notice has been docketed in the District Court and certified to this Court by the District Court Clerk.

Thank you for your assistance in this matter.

Very truly yours,

Marcia M. Waldron, Clerk

By: /s/ Bradford A. Baldus
Bradford A. Baldus
Senior Legal Advisor to the Clerk

Enclosure
cc: Eddy A. Feliz #CK-0068 (w/out enclosure)