ABRAMSON & DENENBERG, P.C.
BY: ALAN DENENBERG, ESQUIRE
1315 WALNUT STREET, 12thFLOOR
PHILADELPHIA, PA 19107                    **ATTORNEY FOR PLAINTIFFS**
(215) 546-1345

## IN THE UNITED STATES DISTRICT COURTE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDY FELIZ** | : | **CIVIL ACTION** |
| **Plaintiff** | : | No. 02-03541 |
| | : | |
| **v.** | : | |
| | : | |
| **THE KINTOCK GROUP ET AL.** | : | |

## ORDER

**AND NOW**, this            day of            2010, after consideration

of Plaintiff's Motion for Judgment of Default and any response thereto, it is hereby

**ORDERED** that said Motion is **GRANTED**, and a Judgment of Default shall be entered

against defendants, The Kintock Group, Derrick Coates, Joseph Corbett, Nicola

Cucinotta, Carmen Montanez, Darryl Olive and Diane Wiley.

**IF IS FURTHER ORDERED**, that a hearing will be held on

in Courtroom            for an assessment of damages.

_____
                                                                J.

ABRAMSON & DENENBERG, P.C.
BY: ALAN DENENBERG, ESQUIRE
1315 WALNUT STREET, 12thFLOOR
PHILADELPHIA, PA 19107                    **ATTORNEY FOR PLAINTIFFS**
(215) 546-1345

## IN THE UNITED STATES DISTRICT COURTE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDY FELIZ** | : | **CIVIL ACTION** |
| **Plaintiff** | : | **No. 02-03541** |
| | : | |
| **v.** | : | |
| | : | |
| **THE KINTOCK GROUP ET AL.** | : | |

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(b)(2)AGAINST KINTOCK DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff, Eddy Feliz, by and

through his attorney Alan Denenberg, Esquire, files a Motion for Entry of Judgment by

Default against defendants, The Kintock Group, Derrick Coates, Joseph Corbett, Nicola

Cucinotta, Carmen Montanez, Darryl Olive and Diane Wiley, and in support thereof

avers as follows:

1.     On December 12, 2003, the Plaintiff, Eddy Feliz, acting *pro se*, filed a

Complaint pursuant to 42 U.S.C. § 1983 alleging a number of claims against defendants,

The Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen

Montanez, Darryl Olive, Diane Wiley, Kathy Frank and Mike Shniedmann.  Exhibit "A",

Dkt. Entry No. 12; Exhibit "B", Third Circuit Opinion, p. 2.

2.    All of the defendants, except Kathy Frank and Mike Shniedmann, were served the Summons and Complaint on April 19, 2004. Exhibit "A", Dkt. Entry No. 20; Exhibit "B", Third Circuit Opinion, p. 2.

3.    The aforementioned defendants answer was due on May 19, 2004. Exhibit "A", Dkt. Entry No. 20.

4.    On June 2, 2004, the Plaintiff filed an Amended Complaint adding a number of defendants, including Commonwealth of Pennsylvania defendants, as parties to the litigation (namely, Ernest Bello, Sandra Smith, Mary Leftbridge Byrd, Peace, Kenneth Paul, Bob Canady, Glenn Yanis and L. Caison). Exhibit "B", Third Circuit Opinion, p. 2.

5.    The original Kintock defendants failed to answer the Plaintiff's Complaint or otherwise respond in any manner to the lawsuit, and accordingly, on June 5, 2006, the Plaintiff filed a Notice of Intent to File a Default against the The Kintock Group, and the six Kintock employees who had been served the Complaint (Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez, Darryl Olive, and Diane Wiley), and a Default was entered on the docket. Exhibit "A", Dkt. Entry No. 32; Exhibit "B", Third Circuit Opinion, p. 2.

6.    On January 23, 2007, the Amended Complaint was served on defendants Kathy Frank, Steven Bello, Kenneth Paul, Glen Yanis, L. Caison, The Kintock Group, Nicola Cucinotta, Derrick Coates, Diane Wiley and Darryl Olive. Exhibit "A", Dkt. Entry No. 38; Exhibit "B", Third Circuit Opinion, p. 2.

7.    The Amended Complaint was not served on defendants Mike Shniedmann, Sandra Smith, Mary Leftridge Byrd, Peace, Bob Canady, Joseph Corbett and Carmen Montanez. Exhibit "A", Dkt. Entry No. 39.

8.    On January 29, 2007, the Commonwealth of Pennsylvania defendants, Ernest Bello, Glenn Yanis, L. Caison and Kenneth Paul, filed a 12(b)(6) Motion to Dismiss the Plaintiff's Amended Complaint as to them, and them only. Exhibit "A", Dkt. Entry No. 36; Exhibit "B", Third Circuit Opinion, p. 9.

9.    By Order entered on March 14, 2007, the Court granted the Commonwealth defendants' motion to dismiss the Amended Complaint. Exhibit "A", Dkt. Entry No. 41; Exhibit "B", Third Circuit Opinion, p. 5.

10.    In addition, the Court, *sua sponte*, decided to include the Kintock Group and its employees in its dismissal order. Exhibit "B", Third Circuit Opinion, p. 9.

11.    On May 30, 2007, the Plaintiff filed a timely Notice of Appeal of the District Court's Order to the Third Circuit Court of Appeals. Exhibit "A", Dkt. Entry No. 46.

12.    On June 1, 2007, the Plaintiff filed a Request for Judgment of Default.

13.    On Appeal, the Third Circuit affirmed the District Court's Order dismissing the Commonwealth defendants, but vacated the Order and remanded the case for further proceedings as to the Kintock defendants. Exhibit "B", Third Circuit Opinion, pp. 7, 10-11.

14.    In reaching this conclusion, the Third Circuit held that the Plaintiff's Complaint sufficiently alleged a First Amendment retaliation claim against the Kintock group defendants, and accordingly, that the District Court had erred in including the

Kintock group defendants in its Order dismissing the Commonwealth defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). Exhibit "B", Third Circuit Opinion, pp. 10-11.

15.    Specifically, the Third Circuit held:

> Although we do not take issue with the District Court's authority to sua sponte set aside a default against the Kintock Group employees for good cause, (cite omitted), and it can clearly dismiss an action against defendants sua sponte for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1997e(c)(1), we believe that it erred in doing the latter in this case with respect to the Kintock Group defendants.

Exhibit "B", Third Circuit Opinion, p. 10.

16.    Significantly, the Third Circuit went on to hold that the District Court's Order was vacated and remanded only to those Kintock defendants against whom the Plaintiff had obtained a default judgment:

> we will vacate the District Court's order of dismissal with respect to the employees of the Kintock Group against whom service of process had been effected and a default entered, and remand for further proceedings.

Exhibit "B", Third Circuit Opinion, p. 11.

17.    The Third Circuit's Order therefore clearly reinstated the entry of default against defendants The Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez, Darryl Olive, and Diane Wiley.

18.    Accordingly, in light of the Third Circuit's decision and order, the Plaintiff is moving this Court pursuant to Federal Rule of Civil Procedure 55(b)(2) to enter a judgment of default.

19.    The Third Circuit has held that a judgment of default is appropriate where the defendants "culpable conduct" results in the entry of default. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984).

20.    The "standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Id.* at 1182.

21.    In the instant case, the Kintock Group's "willfulness is 'mirrored in the record'". *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974).

22.    Plaintiff served the Kintock Group defendants the Summons and Complaint April 19, 2004, and they recklessly failed to answer. Exhibit "A", Dkt. Entry No. 20; Exhibit "B", Third Circuit Opinion, p. 2.

23.    Plaintiff served the Kintock Group defendants the Notice of Intent to Enter Default on June 5, 2006, and the Kintock Group defendants did not file a motion to open the default, answer the Complaint, or otherwise respond to the Notice. Exhibit "A", Dkt. Entry No. 32.

24.    Plaintiff served the Kintock Group defendants the Summons and Amended Complaint on February 7, 2007, and again, the Kintock Group defendants recklessly ignored the Amended Complaint. . Exhibit "A", Dkt. Entry No. 38.

25.    The Plaintiff appealed to the Third Circuit, and the Kintock Group defendants ignored the Appeal.

26.    In short, the Kintock Group defendants have willfully ignored every court filing that has been served on them and, as evidenced by the above record, made a conscious decision not to participate in these proceedings or protect their interests.

27.    This blatant disregard for this Court and the judicial process is certainly 'willful' within the meaning of Third Circuit precedent and requires this Court to enter a Judgment of Default against the Kintock Group defendants.

28.    Accordingly, the Plaintiff is requesting that this Court enter a Judgment of Default against The Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez, Darryl Olive, and Diane Wiley, and order a hearing for the assessment of damages.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter a Judgment of Default against The Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez, Darryl Olive, and Diane Wiley, and order a hearing for the assessment of damages.

RESPECTFULLY SUBMITTED,

BY:_S/_Alan Denenberg_____
    ALAN DENENBERG, ESQUIRE
    ATTORNEY FOR PLAINTIFF

ABRAMSON & DENENBERG, P.C.
BY: ALAN DENENBERG, ESQUIRE
1315 WALNUT STREET, 12thFLOOR
PHILADELPHIA, PA 19107                    **ATTORNEY FOR PLAINTIFFS**
(215) 546-1345

## IN THE UNITED STATES DISTRICT COURTE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDY FELIZ | : | CIVIL ACTION |
| **Plaintiff** | : | No. 02-03541 |
| | : | |
| v. | : | |
| | : | |
| THE KINTOCK GROUP ET AL. | : | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(b)(2)AGAINST KINTOCK DEFENDANTS

## I.    STATEMENT OF FACTS

Plaintiff, Eddy Feliz, filed a *pro se* civil rights Complaint against defendants, The

Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez,

Darryl Olive, Diane Wiley, Kathy Frank and Mike Shniedmann on December 12, 2003.

The Complaint was served by a United States Marshall on all of the aforementioned

defendants, except Kathy Frank and Mike Shniedmann, on April 19, 2004. The

defendants were required to file an answer by May 19, 2004. The defendants failed to

file an answer, and, accordingly, on June 5, 2006, the Plaintiff filed and served the

aforementioned defendants a Notice of Intent to Enter a Default Judgment against them.

The Defendants did not respond to the Notice of Intent to Enter Default.

In addition, on June 2, 2006, The Kintock Group was served an Amended

Complaint, and, like the original Complaint, failed to file an answer. However, the

Amended Complaint filed by the Plaintiff added a number of Commonwealth of Pennsylvania defendants to the lawsuit. In response to the Amended Complaint, on January 29, 2007, the Commonwealth defendants (Ernest Bello, Glenn Yanis, L. Caison and Kenneth Paul) filed a 12(b)(6) Motion to Dismiss the Complaint.

By Order entered on March 14, 2007, the District Court granted the Commonwealth defendants' Motion to Dismiss, and dismissed the Complaint against them. In addition, the District Court, *sua sponte*, dismissed the Complaint against the Kintock Group defendants. The Plaintiff appealed the District Court's Order dismissing the Complaint as to all defendants to the Third Circuit Court of Appeals. The Third Circuit affirmed the District Court's Order as to the Commonwealth defendants, but vacated it as to the Kintock Group defendants, and remanded the case back to the District Court for further proceedings.

In its opinion, the Third Circuit held that the District Court erred in holding that the Plaintiff's Complaint had failed to state a claim against the Kintock Group defendants. According to the Third Circuit, the Plaintiff has sufficiently alleged a First Amendment retaliation claim against the Kintock group defendants. Accordingly, the Third Circuit vacated the District Court's Order setting aside the entry of default against the Kintock defendants who had been served the Complaint, and remanded for further proceedings:

> we will vacate the District Court's order of dismissal with respect to the employees of the Kintock Group against whom service of process had been effected and a default entered, and remand for further proceedings.

Exhibit "B", Third Circuit Opinion, p. 11.

As a result of the Third Circuit's order, the Plaintiff still has an entry of default against The Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez, Darryl Olive and Diane Wiley, and is now asking the Court, pursuant to Federal Rule of Civil Procedure 55(b)(2), to enter a Judgment of Default as to those defendants who had been served the original complaint.

## II.    LEGAL ARGUMENT

Federal Rule of Civil Procedure 55(b)(2) provides in pertinent part:

(b)  Judgment by default may be entered as follows:

> (2) *By the Court*.  In all other cases the party entitled to a judgment by default shall apply to the court therefore.

Fed. R. Civ. P. 55(b)(2).

In interpreting the Federal Rules regarding default judgments, the Third Circuit has held that a judgment by default is appropriate in circumstances where the entry of default resulted from the defendants "culpable conduct". *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984).  The Third Circuit has defined "culpable conduct" as "'willfulness' or 'bad faith' of a non-responding defendant." *Id*. at 1182.  As the Court noted in *Hritz*, "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Id* at 1183.

In this case, the Kintock defendants have recklessly disregarded numerous communications from the plaintiff and the court.  Specifically, they have disregarded the Complaint, the Notice of Intent to Enter Default, the Amended Complaint, and the Appeal.  This is not a case where the defendants failure to respond was the result of dilatory or negligent conduct.  The Kintock defendants have blatantly disregarded and

ignored every filing made by the Plaintiff and accordingly, their "willfulness is 'mirrored in the record.'" *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). Under these circumstances, a judgment of default is warranted.

However, because the damages have to be determined, pursuant to Fed. R. Civ. P. 55(b)(2), the Plaintiff is requesting a hearing on the issue of damages.

## III.   CONCLUSION

For the above stated reasons, the Plaintiff is requesting that this Court enter a Judgment of Default against The Kintock Group, Derrick Coates, Joseph Corbett, Nicola Cucinotta, Carmen Montanez, Darryl Olive, and Diane Wiley, and order a hearing for the assessment of damages.


RESPECTFULLY SUBMITTED,



BY: _S/ Alan Denenberg_____
ALAN DENENBERG, ESQUIRE
ATTORNEY FOR PLAINTIFF

ABRAMSON & DENENBERG, P.C.
BY: ALAN DENENBERG, ESQUIRE
1315 WALNUT STREET, 12thFLOOR
PHILADELPHIA, PA 19107                    **ATTORNEY FOR PLAINTIFFS**
(215) 546-1345

## IN THE UNITED STATES DISTRICT COURTE
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDDY FELIZ | : | CIVIL ACTION |
| **Plaintiff** | : | No. 02-03541 |
| | : | |
| v. | : | |
| | : | |
| THE KINTOCK GROUP ET AL. | : | |

## CERTIFICATE OF SERVICE

I, Alan Denenberg, Esquire, hereby certify that on December 17, 2009, Plaintiff's

Motion for Judgment of Default was served via the court's electronic, ECF system, and

via First Class Mail, postage prepaid, on the following:

Sue Ann Unger, Esquire
Office of Attorney General
21 South 12th St., 3d Floor
Philadelphia, PA  19107

Mike Shniedmann
1347 Wood St.
Philadelphia, PA 19107

Date:  December 17, 2009                    __S/ Alan Denenberg_____
                                           ALAN DENENBERG, ESQUIRE

APPEAL, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:02-cv-03541

FELIZ v. THE KINTOCK GROUP et al
Assigned to: HONORABLE PETRESE B. TUCKER
Case in other court: U.S.C.A., 07-02805
Cause: 42:1983 Civil Rights Act

Date Filed: 05/31/2002
Date Terminated: 03/14/2007
Jury Demand: Plaintiff
Nature of Suit: 555 Prison Condition
Jurisdiction: Federal Question

### Plaintiff

**EDDY A. FELIZ**
334 MAGEE STREET
PHILADELPHIA, PA 19111
*also known as*
ANTHONY BROWN

represented by **ALAN E. DENENBERG**
ABRAMSON & DENENBERG
1315 WALNUT ST 12TH FL
PHILADELPHIA , PA 19107
215-546-1345
Fax: 215-546-5355
Email: adenenberg@adlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant
**THE KINTOCK GROUP**

### Defendant
**JOESPH CORBETT**

### Defendant
**NICOLA CUCINOTTA**

### Defendant
**CARMEN MONTANEZ**

### Defendant
**DERRICK COATES**

### Defendant
**DIANE WILEY**

### Defendant



EXHIBIT
" A "

**DARRYL OLIVE**

**Defendant**

**KATHY FRANK**

**Defendant**

**MIKE SHNIEDMANN**

**Defendant**

**STEVEN BELLO**                    represented by    **SUE ANN UNGER**
                                                     OFFICE OF ATTORNEY GENERAL
                                                     21 SOUTH 12TH STREET
                                                     3RD FLOOR
                                                     PHILADELPHIA , PA 19107
                                                     215-560-2127
                                                     Fax: 215-560-1031
                                                     Email: sunger@attorneygeneral.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**SANDRA SMITH**

**Defendant**

**MARY LEFTRIDGE BYRD**

**Defendant**

**PEACE**
*MR.*

**Defendant**

**KENNETH PAUL**                    represented by    **SUE ANN UNGER**
*MR.*                                                (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**BOB CANADY**
*MR.*

**Defendant**

**GLEN YANIS**                      represented by    **SUE ANN UNGER**
*MR.*                                                (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**L. CASION**
*MR.*

represented by **SUE ANN UNGER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trustee**

**MIKE SHNIEDMANN**

represented by **MIKE SHNIEDMANN**
1347 WOOD STREET
PHILADELPHIA, PA 19107
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2002 | 1 | APPLICATION to Proceed in forma pauperis filed by EDDY A. FELIZ . (ti, ) (Entered: 06/03/2002) |
| 06/10/2002 | 2 | ORDER THAT PLFF'S MOTION TO PROCEED IN FORMA PAUPERIS IS DENIED WITHOUT PREJUDICE AND THE CLERK SHALL CLOSE THIS CASE STATISTICALLY. Signed by Judge PETRESE B. TUCKER on 6/10/02.6 /11/02 Entered and copies mailed. (gm, ) (Entered: 06/11/2002) |
| 06/27/2002 | 3 | Plaintiff has submitted a notice and an account listing for the Court to review. (gm, ) (Entered: 06/28/2002) |
| 07/03/2002 | 4 | MEMORANDUM AND ORDER THAT THE PETITION IS DENIED WITHOUT PREJUDICE TO ITS REASSERTION IN ACCORDANCE WITH THE TERMS OF THIS ORDER; IF PLFF FILES WITH THE COURT, WITHIN 20 DAYS, A NOTICE THAT HE WISHES TO PROCEED WITH THIS ACTION AND OBLIGATE HIMSELF TO PAYMENT OF THE $150 FILING FEE THIS ACTION WILL BE REINSTATED AND THE CLERK OF COURT SHALL CLOSE THIS ACTION STATISTICALLY. SIGNED BY JUDGE PETRESE B. TUCKER ON 7/3/02. 7/8/02 ENTERED AND COPIES MAILED.(gm, ) (Entered: 07/08/2002) |
| 07/17/2002 | 5 | NOTICE by EDDY A. FELIZ re: wishes to proceed with case (lvj, ) (Entered: 07/19/2002) |
| 08/22/2002 | 6 | NOTICE of Change of Address by EDDY A. FELIZ. (gm, ) (Entered: 08/26/2002) |
| 11/04/2002 | 7 | Request, by EDDY A. FELIZ, for "initial disclosure" required under FRCP. (gm, ) (Entered: 11/05/2002) |
| 06/04/2003 | 8 | Request by EDDY A. FELIZ for docket entries/notice of pending amended/supplemental petition. (fb) (Entered: 06/04/2003) |
| 12/30/2003 | 9 | ORDER THAT: PLFF, EDDY A. FELIZ, SHALL PAY THE FILING FEE OF $150; THE CLERK OF COURT IS DIRECTED TO FORWARD A COPY OF THIS ORDER TO THE SUPERINTENDENT OF S.C.I. DALLAS; AND THE CLERK OF COURT SHALL REOPEN THIS CASE STATISTICALLY. SIGNED BY JUDGE PETRESE B. TUCKER ON 12/23/03. 12/30/03 ENTERED AND COPIES MAILED.(fb) (Entered: 12/30/2003) |

| 12/30/2003 | 10 | ORDER THAT: LEAVE TO PROCEED IN FORMA PAUPERIS IS GRANTED PURSUANT TO 28 U.S.C. SECTION 1915. THE COMPLAINT IS TO BE FILED, THE SUMMONSES ARE TO ISSUE, SERVICE OF THE SUMMONSES AND COMPLAINT IS TO BE MADE UPON THE DEFTS BY THE U.S. MARSHALS SERVICE IN THE EVENT THAT WAIVER OF SERVICE IS NOT EFFECTED UNDER FED.R.CIV.P. 4(d)(2), ETC.. SIGNED BY JUDGE PETRESE B. TUCKER ON 12/23/03. 12/31/03 ENTERED AND COPIES MAILED.(fb) (Entered: 12/31/2003) |
|---|---|---|
| 12/30/2003 | 12 | COMPLAINT against DERRICK COATES, JOESPH CORBETT, NICOLA CUCINOTTA, KATHY FRANK, CARMEN MONTANEZ, DARRYL OLIVE, MIKE SHNIEDMANN, THE KINTOCK GROUP, DIANE WILEY , filed by EDDY A. FELIZ.(fb) (Entered: 02/27/2004) |
| 02/02/2004 |  | Filing fee: $ 5.54, receipt number 10360 (gs) (Entered: 02/03/2004) |
| 02/24/2004 | 11 | NOTICE/REQUEST by EDDY A. FELIZ for Court Docket entries. (fb) (Entered: 02/24/2004) |
| 02/27/2004 | 13 | REQUEST FOR WAIVER of Service sent to DEFENDANTS on 2/27/04. Waiver of Service due by 3/29/2004. (fb) (Entered: 02/27/2004) |
| 02/27/2004 | 14 | Notice to Plff, re: Waiver of Service. (fb) (Entered: 02/27/2004) |
| 03/05/2004 |  | Filing fee: $ 7.04, receipt number 32250 (ig, ) (Entered: 03/05/2004) |
| 03/15/2004 | 15 | MOTION TO TEMPORARILY SET ASIDE PREVIOUS COURT ORDER BY EDDY A. FELIZ.(stb, ) (Entered: 03/16/2004) |
| 03/17/2004 | 16 | MOTION BY EDDY A. FELIZ TO TEMPORARILY SET ASIDE PREVIOUS COURT ORDER.(fb) (Entered: 03/17/2004) |
| 03/29/2004 |  | Filing fee: $ 7.39, receipt number 33281 (gs) (Entered: 03/30/2004) |
| 03/30/2004 | 17 | Notice to Plff, re: Service by U.S. Marshals Service as to ALL DEFENDANTS as of 3/30/04. (fb) (Entered: 03/30/2004) |
| 03/30/2004 |  | Summons Issued as to DERRICK COATES, JOESPH CORBETT, NICOLA CUCINOTTA, KATHY FRANK, CARMEN MONTANEZ, DARRYL OLIVE, MIKE SHNIEDMANN, THE KINTOCK GROUP, DIANE WILEY. Forwarded To: U.S. Marshals Service on 3/30/04. (fb) (Entered: 03/30/2004) |
| 04/02/2004 | 18 | MOTION BY EDDY A. FELIZ TO STAY PROCEEDINGS (CIVIL ACTION) BEFORE THE U.S. DISTRICT COURT (MOTION IN ABEYANCE).(fb) (Entered: 04/02/2004) |
| 04/02/2004 | 19 | MOTION BY EDDY A. FELIZ FOR EXTENSION OF TIME TO COMPLETE AND/OR FILE THE SUPPLEMENTAL & AMENDED COMPLAINT ADDING NUMEROUS DEFTS, RELATION BACK TO ORIGINAL COMPLAINT. (Amended Complaint attached).(fb) (Entered: 04/02/2004) |
| 05/05/2004 |  | Filing fee: $ 3.17, receipt number 35487 (gs) (Entered: 05/05/2004) |
| 05/05/2004 | 20 | SUMMONS Returned Executed re: USM SERVICE served Summons and Complaint upon DERRICK COATES, JOESPH CORBETT, NICOLA |

| | | |
|---|---|---|
| | | CUCINOTTA, CARMEN MONTANEZ, DARRYL OLIVE, DIANE WILEY by personal. DERRICK COATES served on 4/29/2004, answer due 5/19/2004; JOESPH CORBETT served on 4/29/2004, answer due 5/19/2004; NICOLA CUCINOTTA served on 4/29/2004, answer due 5/19/2004; CARMEN MONTANEZ served on 4/29/2004, answer due 5/19/2004; DARRYL OLIVE served on 4/29/2004, answer due 5/19/2004; DIANE WILEY served on 4/29/2004, answer due 5/19/2004. (ph, ) (Entered: 05/06/2004) |
| 05/05/2004 | 21 | Summons Returned Unexecuted as to KATHY FRANK, MIKE SHNIEDMANN, KINTOCK GROUP - owner. (see paper # 20) (ph, ) (Entered: 05/06/2004) |
| 06/02/2004 | 22 | ORDER THAT THE MOTION TO TEMPORARILY SET ASIDE PREVIOUS ORDER IS DENIED. IT IS FURTHER ORDERED, THAT THE MOTION TO STAY PROCEEDINGS IS DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED, THAT THE MOTION TO FOR AN EXTENSION OF TIME TO AMEND IS GRANTED. PLFF'S AMENDED COMPLAINT, ATTACHED TO THE MOTION (DOC. 19), IS ACCEPTED AS FILED. SIGNED BY JUDGE PETRESE B. TUCKER ON 5/25/04.6/2/04 ENTERED AND COPIES MAILED. (fb) (Entered: 06/02/2004) |
| 06/02/2004 | 23 | ORDER THAT THE REQUEST FOR APPOINTMENT OF COUNSEL IS GRANTED. THE CLERK OF COURT SHALL APPOINT COUNSEL TO THE ABOVE-REFERENCED ACTION CONSISTENT WITH THE PRISONER CIVIL RIGHTS PANEL, ETC.. SIGNED BY JUDGE PETRESE B. TUCKER ON 5/26/04. 6/2/04 ENTERED AND COPIES MAILED.(fb) (Entered: 06/02/2004) |
| 06/02/2004 | | Filing fee: $ 3.03, receipt number 37089 (gs) (Entered: 06/03/2004) |
| 06/09/2004 | 24 | MOTION BY EDDY A. FELIZ FOR A TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION,AFFIDAVIT.(fb) Additional attachment(s) added on 11/13/2007 (om, ). Additional attachment(s) added on 11/13/2007 (om, ). (Entered: 06/10/2004) |
| 07/06/2004 | 25 | MOTION BY EDDY A. FELIZ FOR RECONSIDERATION (RELIEF) FROM JUDGEMENT/ORDER,MEMORANDUM, AFFIDAVIT.(fb) (Entered: 07/07/2004) |
| 09/10/2004 | 26 | MOTION BY EDDY A. FELIZ FOR APPOINTMENT OF AN INVESTIGATOR.(fb) (Entered: 09/10/2004) |
| 09/10/2004 | 27 | MOTION BY EDDY A. FELIZ FOR PROSPECTIVE INJUNCTIVE RELIEF AGAINST STATE PAROLE BOARD & DEPT OF CORR..(fb) (Entered: 09/10/2004) |
| 09/27/2004 | | Filing fee: $ 6.00, receipt number 43110 (my, ) (Entered: 09/27/2004) |
| 12/28/2004 | | Filing fee: $ 10.00, receipt number 47566 (jms, ) (Entered: 12/28/2004) |
| 01/19/2005 | 28 | ORDER THAT PLFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ARE DENIED, ETC.. SIGNED BY JUDGE PETRESE B. TUCKER ON 1/13/05.1/20/05 ENTERED AND COPIES MAILED. (fb) (Entered: 01/20/2005) |

| 01/19/2005 | 29 | ORDER THAT PLFF'S MOTION FOR RECONSIDERATION IS DENIED. SIGNED BY JUDGE PETRESE B. TUCKER ON 1/13/05.1/20/05 ENTERED AND COPIES MAILED. (fb) (Entered: 01/20/2005) |
|---|---|---|
| 01/19/2005 | 30 | ORDER THAT PLFF'S MOTION FOR AN APPOINTMENT OF AN INVESTIGATOR IS DENIED. SIGNED BY JUDGE PETRESE B. TUCKER ON 1/13/05.1/20/05 ENTERED AND COPIES MAILED. (fb) (Entered: 01/20/2005) |
| 01/19/2005 | 31 | ORDER THAT PLFF'S MOTION FOR PROSPECTIVE INJUNCTIVE RELIEF IS DENIED. SIGNED BY JUDGE PETRESE B. TUCKER ON 1/13/05.1/20/05 ENTERED AND COPIES MAILED. (fb) (Entered: 01/20/2005) |
| 04/01/2005 | | Filing fee: $ 2.50, receipt number 52715 (jms, ) (Entered: 04/04/2005) |
| 06/05/2006 | 32 | Notice of intent to file default by EDDY A. FELIZ against JOESPH CORBETT, NICOLA CUCINOTTA, CARMEN MONTANEZ, DERRICK COATES, DIANE WILEY, DARRYL OLIVE, certificate of service. (fb) (Entered: 06/07/2006) |
| 06/05/2006 | | DEFAULT BY JOESPH CORBETT, NICOLA CUCINOTTA, CARMEN MONTANEZ, DERRICK COATES, DIANE WILEY, DARRYL OLIVE FOR FAILURE TO APPEAR, PLEAD OR OTHERWISE DEFEND. (fb) (Entered: 06/09/2006) |
| 06/05/2006 | | Default Entered. (fb) (Entered: 06/09/2006) |
| 07/05/2006 | 33 | PETITIONER'S MOTION TO ENFORCE AN ORDER FILED BY EDDY A. FELIZ.AFFIDAVIT. (PRO SE) (pr, ) (Entered: 07/06/2006) |
| 10/17/2006 | | Summons Issued as to KATHY FRANK, MIKE SHNIEDMANN, STEVEN BELLO, SANDRA SMITH, MARY LEFTRIDGE BYRD, PEACE, KENNETH PAUL, BOB CANADY, GLEN YANIS, L. CASION, THE KINTOCK GROUP, JOESPH CORBETT, NICOLA CUCINOTTA, CARMEN MONTANEZ, DERRICK COATES, DIANE WILEY, DARRYL OLIVE. Forwarded To: U.S. Marshals Service on 10/17/06. (fb) (Entered: 10/17/2006) |
| 10/25/2006 | 34 | ORDER THAT PLAINTIFF'S MOTION TO ENFORCE IS DISMISSED AS MOOT. SIGNED BY JUDGE PETRESE B. TUCKER ON 10/24/06.10/26/06 ENTERED AND COPIES MAILED.(le, ) (Entered: 10/26/2006) |
| 11/29/2006 | 35 | Request by EDDY A. FELIZ for correction. (fb) (Entered: 11/30/2006) |
| 12/04/2006 | | Mail Returned as Undeliverable. Mail sent to Mike Schniedmann. Sent to forwarding address on 12/4/06 (le, ) (Entered: 12/04/2006) |
| 12/13/2006 | | Mail Returned as Undeliverable. Mail sent to Mike Schniedmann. No forwarding address. (le, ) (Entered: 12/13/2006) |
| 01/29/2007 | 36 | MOTION to Dismiss *corrected names are Ernest Bello, Glenn Yanis, L Caison, an Kenneth Paul* filed by STEVEN BELLO, KENNETH PAUL, GLEN YANIS, L. CASION.Memorandum, Certificate of Service. (Attachments: # 1 Exhibit Exhibits D1, D2, D3)(UNGER, SUE) (Entered: 01/29/2007) |
| 01/29/2007 | 37 | *Corrected Certificate of Service for Motion to Dismiss filed a few minutes ago* RE: MOTION to Dismiss filed by STEVEN BELLO, KENNETH PAUL, GLEN |

| | | YANIS, L. CASION. (UNGER, SUE) Modified on 1/30/2007 (np). (Entered: 01/29/2007) |
|---|---|---|
| 02/07/2007 | 38 | SUMMONS Returned Executed, re: U.S. Marshals Service served Summons and Complaint upon KATHY FRANK, STEVEN BELLO, KENNETH PAUL, GLEN YANIS, L. CASION, THE KINTOCK GROUP, NICOLA CUCINOTTA, DERRICK COATES, DIANE WILEY, DARRYL OLIVE by Personal Service. KATHY FRANK served on 1/23/2007, answer due 2/12/2007; STEVEN BELLO served on 1/26/2007, answer due 2/15/2007; KENNETH PAUL served on 1/3/2007, answer due 1/23/2007; GLEN YANIS served on 1/26/2007, answer due 2/15/2007; L. CASION served on 1/26/2007, answer due 2/15/2007; THE KINTOCK GROUP served on 1/23/2007, answer due 2/12/2007; NICOLA CUCINOTTA served on 1/23/2007, answer due 2/12/2007; DERRICK COATES served on 1/23/2007, answer due 2/12/2007; DIANE WILEY served on 1/23/2007, answer due 2/12/2007; DARRYL OLIVE served on 1/23/2007, answer due 2/12/2007. (fb) (Entered: 02/08/2007) |
| 02/07/2007 | 39 | Summons Returned Unexecuted as to MIKE SHNIEDMANN, SANDRA SMITH, MARY LEFTRIDGE BYRD, PEACE, BOB CANADY, JOESPH CORBETT, CARMEN MONTANEZ. (fb) (Entered: 02/08/2007) |
| 02/13/2007 | 40 | MOTION BY EDDY A. FELIZ TO ENFORCE AN ORDER//INTERVENE--(IN PART),DECLARATION, PARTIAL PRE-MEMORANDUM.(fb) (Entered: 02/13/2007) |
| 03/14/2007 | 41 | ORDER THAT PLAINTIFF'S MOTION TO ENFORCE AN ORDER/INTERVENE IS DENIED AND DEFENDANT'S MOTION TO DISMISS IS GRANTED. SIGNED BY JUDGE PETRESE B. TUCKER ON 3/13/07.3/15/07 ENTERED AND COPIES MAILED AND E-MAILED.(le, ) (Entered: 03/15/2007) |
| 03/22/2007 | | Mail Returned as Undeliverable. Mail sent to N. Cucinotta, D. Olive, J. Corbett, The Kintock Group, C. Montanez, M. Shneidmann, D. Wiley and K. Frank re: Order granting Defendant's Motion to Dismiss. No forwarding address. (le, ) (Entered: 03/22/2007) |
| 03/23/2007 | | Mail Returned as Undeliverable. Mail sent to Derrick Coates re: Order dated 3/13/07. No forwarding address. (le, ) (Entered: 03/23/2007) |
| 03/30/2007 | | Mail Returned as Undeliverable. Mail sent to Mike Schniedmann re: Order granting Motion to Dismiss. No forwarding address. (le, ) (Entered: 04/02/2007) |
| 04/05/2007 | 42 | MOTION BY EDDY A. FELIZ TO ALTER OR AMEND THE JUDGMENT,BRIEF.(fb) (Entered: 04/05/2007) |
| 04/10/2007 | 43 | RESPONSE in Opposition re 42 MOTION to Alter Judgment filed by STEVEN BELLO, GLEN YANIS, L. CASION, MEMORANDUM, CERTIFICATE OF SERVICE. (UNGER, SUE) Modified on 4/11/2007 (afm, ). (Entered: 04/10/2007) |
| 05/16/2007 | 44 | ORDER THAT PLAINTIFF'S MOTION TO ALTER JUDGMENT IS DENIED. SIGNED BY JUDGE PETRESE B. TUCKER ON 5/15/07.5/16/07 ENTERED AND COPIES MAILED AND E-MAILED.(le, ) (Entered: 05/16/2007) |

| | | |
|---|---|---|
| 05/21/2007 | | Mail Returned as Undeliverable. Mail sent to Darryl Olive, Kathy Frank, Carmen Martinez, Mike Schniedmann, Diane Wiley, The Kintock Group, Nicole Cucinotta and Derrick Coates re: Order dated 5/15/2007. No forwarding address. (le, ) (Entered: 05/22/2007) |
| 05/29/2007 | | Mail Returned as Undeliverable. Mail sent to Mike Shniedmann re: Order dated 5/15/2007. No forwarding address. (le, ) (Entered: 05/29/2007) |
| 05/30/2007 | 46 | NOTICE OF APPEAL as to 44 Order on Motion to Alter Judgment by EDDY A. FELIZ. IFP granted. Copies to Judge, Clerk USCA, Appeals Clerk and SUE ANN UNGER, certificate of service. (fb) (Entered: 06/15/2007) |
| 06/01/2007 | 45 | Request for Judgment by Default by EDDY A. FELIZ against THE KINTOCK GROUP, JOESPH CORBETT, NICOLA CUCINOTTA, CARMEN MONTANEZ, DERRICK COATES, DIANE WILEY, DARRYL OLIVE, declarations, affidavits. (fb) (Entered: 06/01/2007) |
| 06/01/2007 | | Mail Returned as Undeliverable. Mail sent to Joseph Corbett re: Order dated 5/15/2007. No forwarding address. (le, ) (Entered: 06/01/2007) |
| 06/15/2007 | 47 | Clerk's Notice to USCA re 46 Notice of Appeal. (fb) (Entered: 06/15/2007) |
| 06/21/2007 | | NOTICE of Docketing Record on Appeal from USCA re 46 Notice of Appeal filed by EDDY A. FELIZ. USCA Case Number 07-2805 (stb, ) (Entered: 06/21/2007) |
| 06/26/2007 | | Certified and Transmitted Record on Appeal to US Court of Appeals re 46 Notice of Appeal (Pleadings # 15, 24, 42 not included) (om, ) (Entered: 06/26/2007) |
| 07/24/2007 | 48 | ORDER of USCA as to 46 Notice of Appeal filed by EDDY A. FELIZ, dated 7/24/07, re: The foregoing motion to proceed in forma pauperis is granted, etc.. (fb) (Entered: 07/24/2007) |
| 08/10/2007 | 49 | Notice Request by EDDY A. FELIZ for correction. (fb) (Entered: 08/13/2007) |
| 10/05/2007 | 50 | NOTICE of Change of Address by EDDY A. FELIZ(stb, ) (Entered: 10/05/2007) |
| 10/16/2007 | | (Pleading #19 Amended Complaint attachment forwarded to USCA.) (om, ) (Entered: 10/16/2007) |
| 11/13/2007 | | (Pleading #42 forwarded to USCA) (om, ) (Entered: 11/13/2007) |
| 12/04/2007 | 51 | NOTICE of Change of Address by EDDY A. FELIZ.(rf, ) (Entered: 12/05/2007) |
| 01/15/2009 | | Appeal Record Returned from the U.S. Court of Appeals for the Third Circuit. (First supplemental record included). (fb) (Entered: 01/15/2009) |
| 08/18/2009 | 52 | NOTICE of Appearance by ALAN E. DENENBERG on behalf of EDDY A. FELIZ with Jury Demand(DENENBERG, ALAN) (Entered: 08/18/2009) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 12/16/2009 13:31:50 |

| PACER Login: | ad0126 | Client Code: | Feliz |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:02-cv-03541 |
| Billable Pages: | 5 | Cost: | 0.40 |

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2805

---

EDDY FELIZ,

Appellant

v.

THE KINTOCK GROUP; JOESPH CORBETT; NICOLA CUCINOTTA;
CARMEN MONTANEZ; DERRICK COATES; DIANE WILEY;
DARRYL OLIVE; KATHY FRANK; MIKE SHNIEDMANN;
STEVEN BELLO; SANDRA SMITH; MARY LEFTRIDGE BYRD;
PEACE, MR.; KENNETH PAUL, MR.; BOB CANADY, MR.;
GLEN YANIS, MR.; L. CASION, MR.

---

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-03541)
District Judge:  Honorable Petrese B. Tucker

---

Submitted Under Third Circuit LAR 34.1(a)
September 2, 2008

Before: McKEE, SMITH and CHAGARES, Circuit Judges

(Filed: October 30, 2008)

---

OPINION

---

PER CURIAM,

    Eddy Feliz, proceeding pro se, appeals the District Court's order of dismissal as



well as its subsequent order denying his motion seeking reconsideration of that decision. For the reasons that follow, we will affirm in part and vacate in part the District Court's decision.

In May 2002, Feliz initiated a civil action against employees of the Kintock Group, a private contractor running a pre-release center. Named as defendants were Derrick Coates, Joseph Corbett, Nicola Cucinotta, Kathy Frank, Carmen Montanez, Darryl Olive, Mike Shniedmann, and Diane Wiley. With the exception of Mike Schniedmann and Kathy Frank, the summons were returned as executed in May 2004. An amended complaint adding additional defendants (namely, Ernest Bello, Sandra Smith, Mary Leftridge Byrd, Peace, Kenneth Paul, Bob Canady, Glenn Yanis and L. Caison)[1] and claims was filed on June 2, 2004. On June 5, 2006, after several unsuccessful attempts at injunctive relief, Feliz submitted a notice of intent to file a default against the six individual defendants upon whom service of the original complaint had been executed. Default was entered on June 9, 2006. Service of the amended complaint was executed in January 2007 on the named parties, with the exception of the following defendants whose summons were returned as unexecuted: Shniedmann, Smith, Leftridge Byrd, Peace, Canady, Corbett and Montanez.[2]

---

[1] Caison's name was mis-spelled as Casion by appellant. We will use the correct spelling.

[2] According to the United States Marshal's Office, service of the amended complaint was delayed because Feliz failed to submit a process receipt and return form (USM 285) to request service of the additional defendants until over two years later.

2

It appears that in late 1999, Feliz, who was in the custody of the Pennsylvania Department of Corrections ("DOC"), was placed on pre-release status at a contract community corrections facility run by the Kintock Group. In January 2001, Feliz complained about, inter alia, the lack of psychological services and medications at the Kintock Center and sought to be transferred to another pre-release facility. That request was apparently denied.[3] On June 1, 2001, after a pre-parole meeting with defendant Parole Agent Paul, Feliz was allegedly forcibly detained, handcuffed by DOC defendants Cannady, Yanis and Caison, removed from the Kintock Center and taken to SCI-Graterford. According to Feliz, the asserted bases of the DOC's decision to remove him from the pre-release facility were misconduct and state violation reports charging him with driving without a valid driver's license and an unauthorized absence from the Kintock Center. Feliz alleged that the real reason, however, was retaliation for his having contacted an attorney to assist him, inter alia, in obtaining certain entitlements he believed to be due him from the Kintock Group. Feliz's actions during the removal incident itself led to a subsequent conviction of aggravated assault, with an imposed sentence of one to two years imprisonment to run consecutively to his then-current sentence.[4]

---

[3] Feliz also complained of a host of other problems he experienced while at the Kintock Center, including the denial of hearings for revoked privileges, revoked law library passes, the denial of appeal documents, the refusal of kitchen staff to provide pre-paid meals at a time later than that designated, difficulty receiving credit for travel time, and trouble receiving a paycheck over the Memorial Day weekend.

[4] Feliz has advised the Court that he has been released from confinement.

3

Feliz's dissatisfaction with the treatment he received at the Kintock Center, his disagreement with the administrative decision not to transfer him to another facility, and his obvious displeasure with the conviction that resulted from the removal incident prompted the filing of his complaint and amended complaint. Although it is far from clear, it appears that Feliz argues that defendants' actions, especially those on June 1st, give rise to claims under: 42 U.S.C. § 1983; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); and state law. He requested, inter alia, compensatory and punitive damages. Various requests for injunctive relief followed.

Shortly after service of the amended complaint was executed, defendants Bello, Yanis, Caison and Paul (the Commonwealth defendants)[5] filed a motion seeking to have the amended complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 4(m). In addition to arguing that Feliz's amended complaint failed to state a claim for relief, defendants argued that because Feliz's dereliction resulted in the extreme delay of having his amended complaint served by the U.S. Marshal's Service, the case should be dismissed without prejudice pursuant to Rule 4(m). The Commonwealth defendants further argued that the two year limitations period had run as to the claims against them given that the amended complaint was not dated and signed until nearly three years after

---

[5] Defendant Paul is an agent from the Pennsylvania Board of Probation and Parole, and defendants Yanis, Bello and Caison are from the Pennsylvania Department of Corrections.

4

the forcible transfer of June 1, 2001, and given that the relation back doctrine of Fed. R.

Civ. P. 15(c) was not reasonably applicable since they were not notified of the lawsuit

until December of 2006 at the earliest.

In an order entered on March 15, 2007, the District Court granted the

Commonwealth defendants' motion to dismiss the complaint. The court held that Feliz's

amended complaint did not provide sufficient notice as to the nature of his claims against

the defendants. Additionally, even affording Feliz the liberal construction due a pro se

litigant under Haines v. Kerner, 404 U.S. 519, 520 (1979), the District Court concluded

that the allegations contained in Feliz's amended complaint did not raise the slightest

inference of a federal claim against the Kintock Group. The court further concluded that

Feliz could not sustain a claim against movants pursuant to the ADA or Section 504 of

the Rehabilitation Act since neither of these Acts impose liability upon individuals. See

29 U.S.C. § 794(b); 42 U.S.C. § 12131(1). Feliz's civil conspiracy claim was little more

than conclusory allegations of concerted action devoid of facts reflecting joint action and

was insufficient to withstand a motion to dismiss. See Abbott v. Latshaw, 164 F.3d 141,

148 (3d Cir. 1998). Finally, the District Court concluded that, despite Feliz's filing of an

amended complaint, it remained "wholly unclear" how the Commonwealth defendants'

conduct violated his Eighth Amendment and due process rights. Feliz's motion for

reconsideration was likewise denied by the District Court, and this appeal followed.

5

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291.[6] The standard of review for a dismissal under Fed. R. Civ. P. 12(b)(6) is de novo, see Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.2008), and we review a District Court's decision denying reconsideration for an abuse of discretion. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004), citing Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). In considering a Rule 12(b)(6) motion, a court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002). See also Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1969 n. 8 (2007). "'[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips, 515 F.3d at 234, (quoting Twombly, 127 S.Ct. at 1965). Stated differently, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." Id.

Having carefully reviewed the record and the parties' submissions, we conclude that judgment was properly entered in favor of the Commonwealth defendants.

---

[6] Having reviewed the record, we are satisfied that the order of dismissal was intended by the District Court and understood by the parties to have disposed of all claims against all remaining parties, and qualifies as a final order within the meaning of 28 U.S.C. § 1291.

Moreover, while we do not conclude that the argument set forth in the appellees' brief

regarding the timeliness of the filing and service of Feliz's amended complaint is without

merit, we can not find fault with the manner in which the District Court ultimately

disposed of Feliz's amended complaint with respect to the Commonwealth defendants.

The District Court properly granted the Commonwealth defendants' motion to

dismiss with respect to any claims involving mistreatment Feliz allegedly suffered while

housed at the Kintock Center. E.g., Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988)

(no respondeat superior liability in § 1983 cases). Additionally, we agree with the

Commonwealth defendants' assertion that it is unclear whether Feliz even intended to

assert claims against them under the ADA and the Rehabilitation Act, but that, in any

event, he had not alleged a qualifying impairment that substantially limits at least one

major life activity. See Marinelli v. City of Erie, Pa., 216 F.3d 354, 359 (3d Cir. 2000)

("In order to state a cognizable cause of action under the ADA, a putative plaintiff must

establish that he is a "qualified individual with a disability."); 29 C.F.R. § 1630.2(i)

(giving examples of major life activities as "caring for oneself, performing manual tasks,

walking, seeing, hearing, speaking, breathing, learning, and working"); 28 C.F.R. §

41.31(b) (same). Feliz's civil conspiracy claim is also deficient because absent from his

complaint are allegations of at least some facts which could permit a reasonable inference

of a conspiracy to be drawn. See, e.g., Abbott v. Latshaw, 164 F.3d at 148 (mere

"conclusory allegations of concerted action" are insufficient to satisfy the notice-pleading

7

standard).

Because Feliz had no liberty interest in remaining in the Kintock Center, he had no due process entitlement to notice and a hearing at that facility before being returned to SCI-Graterford. See Asquith v. Department of Corrections, 186 F.3d 407 (3d Cir. 1999). Any due process claim involving the Commonwealth defendants' processing of the two misconduct reports which allegedly landed him in disciplinary confinement likewise fails. See Sandin v. Conner, 515 U.S. 472 (1995). Additionally, we note that one of those reports was dismissed and the other actually challenged by Feliz through the administrative process. See, e.g., Smith v. Mesinger, 293 F.3d 641, 654 (3d Cir. 2002). Feliz's Eighth Amendment claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 481-82 (1994), since any success on his excessive force claim would necessarily call into question his conviction for aggravated assault for the same incident. To the extent Feliz raised other federal claims against the Commonwealth defendants, we agree with the District Court that they do not to state a claim because he failed to allege the minimal facts required under Rule 8. Fed. R. Civ. P. 8(a)(2) (pleading must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief"). Finally, the Commonwealth defendants were entitled to sovereign immunity from all remaining state law claims insofar as Feliz was seeking monetary damages. The doctrine of sovereign immunity, codified at 1 Pa.C.S. § 2310, protects the Commonwealth and its employees from such a suit for monetary damages unless the

8

cause of action falls within one of several statutory exceptions not implicated here, see 42 Pa.C.S.A. § 8522, or the individual's conduct falls outside the scope of the employee's employment. While Feliz may take issue with the manner in which they performed their duties, there can be no question that the Commonwealth defendants were acting within the scope of their employment in the instant case. Feliz's claims for injunctive relief were, of course, mooted by his release from imprisonment as noted by appellees.

Our review does not stop here, however, since the District Court decided to sua sponte include the Kintock Group employees in its dismissal order. As noted previously, none of the Kintock Group defendants served with Feliz's complaint responded in any manner and a default was entered against them. To be certain, many of the allegations against the employees of the Kintock Group are as fatally deficient as those against the Commonwealth defendants. However, at least one of Feliz's allegations arguably states a claim upon which relief can be granted. See Rauser v. Horn, 241 F.3d 330, 332 (3d Cir. 2001). While Feliz's complaint and amended supplemental complaint are anything but clear and concise pleadings, affording those pleadings the liberal construction due pro se filings under Haines v. Kerner, 404 U.S. at 520, Feliz has arguably set forth a minimal allegation that his First Amendment rights were violated when certain Kintock Group defendants retaliated against him by having him removed from the pre-release center on June 1, 2001 and returned to prison in retaliation for his having contacted an attorney and public officials the previous week. See Complaint at p. 8 ¶ 5; Amended and

9

Supplemental Complaint at ¶s A, 2, and 3(I).

"[U]nder the doctrine of unconstitutional conditions, we have held that official retaliation for the exercise of any constitutional right creates an actionable claim under Section 1983." Anderson v. Davila, 125 F.3d 148, 162 (3d Cir. 1997). See also White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."). As noted by our sister circuit, "[a]lthough the First Amendment's applicability in the area of lawyer-client relations is not well-defined," Mothershed v. Justices of Supreme Court, 410 F.3d 602, 611 (9th Cir. 2005), several courts have recognized that the "right to hire and consult an attorney is protected by the First Amendment's guarantee of freedom of speech, association and petition." Id., quoting Denius v. Dunlap, 209 F.3d 944, 953 (7th Cir. 2000). See also DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir. 1990) ("The right to retain and consult an attorney ... implicates ... clearly established First Amendment rights of association and free speech.").

Although we do not take issue with the District Court's authority to sua sponte set aside an entry of default against the Kintock Group employees for good cause, see, e.g., Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 386 (7th Cir. 2008), and it can clearly dismiss an action against defendants sua sponte for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1997e(c)(1), we believe that it erred in doing the latter in this case with respect to the Kintock Group defendants.

10

As such, we will vacate that part of the District Court's final order.

Accordingly, for the foregoing reasons, we will affirm the judgment of the District Court insofar as it granted the Commonwealth defendants' motion to dismiss. However, we will vacate the District Court's order of dismissal with respect to the employees of the Kintock Group against whom service of process had been effected and a default entered, and remand for further proceedings. Appellant's motion to intervene/correct or modify the record is denied.